Lane, C. J.
There is a well-established chancery jurisdiction over certain covenants. The chancellor will exercise a restraining power where the covenantor, contrary to his stipulation, disturbs the tenant by his own act; and he will enforce the specific performance of the covenant for further assurance. But we find no case of interference on this side the court, in relation to the covenant of warranty. This absence of precedent, although not conclusive, is a strong argument against the plaintiff’s right to relief.
In cases, too, of covenants real, any innovation of the settled *384 construction of the parties’ rights should be made by courts with great caution. The parties select their own covenants, and the liability of the defendant is not to be extended beyond the intendment of those by which he binds himself. It would have been easy for them to have inserted the covenant against incum384] brances, under which -the plaintiff would have *found an easy protection. But he has no rights, except those which arise from other stipulations, and we must examine if the defendant has incurred any liability under them.
The two first, viz: “that he was the lawful owner,” and “ had good right to convey,” are not broken ; for at that time he held the estate, and it passed by the deed; the interest of the dower was not then a vested estate, but an interest contingent and uncertain, which might never be set up.
There remains nothing but the covenant of warranty. The rule is universal, that no right of action arises under this covenant, except after an eviction, or something which, is equivalent. King v. Kerr’s Ad’mrs, 5 Ohio, 154. But all the rights which the party is authorized to claim exist at law, and admit entire compensation in damages. Whatever difflcultiés may bo in the way of the plaintiff, in seeking indemnity against this rent charge, it seems to us that to extend the defendant’s liability beyond that of responding in damages, after an eviction, or its equivalent, would be to extend it beyond the settled terms of the covenant. Bill dismissed.